# Third District Court of Appeal

## State of Florida

Opinion filed November 24, 2021.
Not final until disposition of timely filed motion for rehearing.

————————

No. 3D20-1550
Lower Tribunal No. 15-4568

————————

**Elizabeth Ann Duff-Esformes, etc.,**
Appellant,

vs.

**Barry E. Mukamal, etc., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Jorge E. Cueto, Judge.

Fox Rothschild LLP, and Joseph A. DeMaria; Fox Rothschild LLP, and Eric A. Bevan (West Palm Beach), for appellant.

Saul Ewing Arnstein & Lehr LLP, Franklin L. Zemel and Alan R. Poppe (Fort Lauderdale), for appellees.

Before FERNANDEZ, C.J., and LINDSEY and GORDO, JJ.

GORDO, J.

Appellant, Elizabeth Ann Duff-Esformes, appeals the trial court's orders striking her objections to and granting co-personal representatives' petition for payment of additional interim administration expenses from the Estate of her late husband. We have jurisdiction. See Fla. R. App. P. 9.170. Because Duff-Esformes qualifies as an interested party with standing to challenge the petition pursuant to Florida's Probate Code, we reverse the orders striking her objections and remand.[1]

## FACTUAL AND PROCEDURAL BACKGROUND

The underlying action involved the administration of the Estate of Nathan J. Esformes. The beneficiaries of the Estate were decedent's wife, Duff-Esformes, and the Nathan J. Esformes Living Trust. Barry Mukamal and David Appel served as co-personal representatives of the Estate and co-trustees of the Trust. Following decedent's death in 2015, the co-personal representatives petitioned for administration of the Estate. The sole residuary beneficiary of the Estate was the Trust, of which Duff-Esformes was the lifetime income beneficiary.

In January 2020, the trial court entered an agreed order of final distribution, which provided for payment of enumerated items and dictated

---

[1] Because we reverse on the basis of standing, we find it unnecessary to address the remaining issues raised on appeal.

2

the distribution of all remaining Estate assets "except for the sum of Fifty Thousand Dollars ($50,000.00) which shall be held by the Co-Personal Representatives as a reserve to pay additional Estate administration expenses of the Co-Personal Representatives including legal and other professional fees . . . ." Following the final distribution, the co-personal representatives filed a petition to pay additional administration expenses from the reserve account. Duff-Esformes filed objections based on the reasonableness of the charges. The co-personal representatives moved to strike her objections claiming Duff-Esformes lacked standing.

The trial court held two hearings to address Duff-Esformes's objections and the motions to strike and, ultimately, struck Duff-Esformes's objections finding she lacked standing to object to the payment of Estate administration expenses because she had already received her complete distribution from the Estate. Thereafter, the court entered the order granting the petition to pay additional interim Estate administration expenses, which ordered the bank to pay $91,035.14 in attorney's fees and $23,650.28 to the co-trustees from the Estate's restricted depository.

## STANDARD OF REVIEW

We review the interpretation of the Probate Code de novo. In re Guardianship of Bloom, 227 So. 3d 165, 169 (Fla. 2d DCA 2017).

3

# LEGAL ANALYSIS

Duff-Esformes asserts she has standing to object to the payment of Estate administration expenses as an interested person and that she must be regarded as a beneficiary of the Estate. The co-personal representatives argue that Duff-Esformes is not an interested person because she will not be affected by the payment of fees from the Estate and that she does not qualify as a beneficiary because her interests have been satisfied. We find that the co-personal representatives' argument would violate the axiomatic principle "that all parts of a statute must be read *together* in order to achieve a consistent whole." Forsythe v. Longboat Key Beach Erosion Control Dist., 604 So. 2d 452, 455 (Fla. 1992).

Section 733.6171(5) of the Probate Code, which governs the compensation of attorneys for the personal representative, confers standing to object to a fee request upon an "interested person," providing:

> Upon petition of any interested person, the court may increase or decrease the compensation for ordinary services of the attorney or award compensation for extraordinary services if the facts and circumstances of the particular administration warrant. In determining reasonable compensation, the court shall consider all of the following factors, giving weight to each as it determines to be appropriate . . .

§ 733.6171(5), Fla. Stat. (2021).

"Interested person" is defined as:

> any person who may reasonably be expected to be affected by the outcome of the particular proceeding involved. In any proceeding affecting the estate or the rights of a beneficiary in the estate, the personal representative of the estate shall be deemed to be an interested person. In any proceeding affecting the expenses of the administration and obligations of a decedent's estate, or any claims described in s. 733.702(1), the trustee of a trust described in s. 733.707(3) is an interested person in the administration of the grantor's estate. The term does not include a beneficiary who has received complete distribution. . . .

§ 731.201(23), Fla. Stat. (2021) (emphasis added).

By virtue of her status as lifetime income beneficiary of the residuary Trust, Duff-Esformes is "expected to be affected by the outcome" of the fee petition. Every dollar the co-personal representatives expend from the administration of the Estate will reduce her resultant income from the residuary Trust. As such, Duff-Esformes qualifies as an "interested person" under section 731.201(23) with standing to contest the petitioned increase in compensation.

Although the term "interested person" does not include a beneficiary who has received complete distribution, and it is undisputed that Duff-Esformes received her complete distribution, the statutory definition of the term "beneficiary" dictates that she be regarded as a beneficiary of the Estate in these proceedings.

5

"Beneficiary" means heir at law in an intestate estate and devisee in a testate estate. The term "beneficiary" does not apply to an heir at law or a devisee after that person's interest in the estate has been satisfied. In the case of a devise to an existing trust or trustee, or to a trust or trustee described by will, the trustee is a beneficiary of the estate. Except as otherwise provided in this subsection, the beneficiary of the trust is not a beneficiary of the estate of which that trust or the trustee of that trust is a beneficiary. However, if each trustee is also a personal representative of the estate, each qualified beneficiary of the trust as defined in s. 736.0103[2] shall be regarded as a beneficiary of the estate.

§ 731.201(2), Fla. Stat. (2021) (emphasis added).

Importantly, the statute carves out an exception for persons to be regarded as beneficiaries in circumstances where "each trustee is also a personal representative of the estate." In the instant case, both co-personal representatives, Mukamal and Appel, are also co-trustees of the Trust. As such, Duff-Esformes, as a qualified beneficiary of the Trust entitled to lifetime distributions, must be "regarded as a beneficiary" of the Estate even though her interest in the Estate has been satisfied.

We conclude, based upon the plain language of the operative statutory provisions, that Duff-Esformes has standing to object to the

---

[2] Section 736.0103(19)(a) of the Florida Trust Code defines "qualified beneficiary" as "a living beneficiary who, on the date the beneficiary's qualification is . . . a distributee or permissible distributee of trust income or principal . . . ." § 736.0103(19)(a), Fla. Stat. (2021).

6

payment of additional administration expenses from the Estate.  Accordingly, we reverse the orders striking her objections and the order granting the petition to pay additional interim Estate administration expenses and remand for consideration of Duff-Esformes's objections.

Reversed and remanded for further proceedings.